1
2
3
4
5
6          UNITED STATES DISTRICT COURT
7         EASTERN DISTRICT OF CALIFORNIA
8
DONALD BRADFORD STARK,                    1:07-cv-01366 OWW
9
                    Appellant,
10                                        ORDER ON BANKRUPTCY APPEAL
                                          (DOC. 1)
11          vs.
12
BARBARA STARK, et al.,
13
                    Appellees.
14

15              I.   **INTRODUCTION**.

16       This is an appeal from a final judgment of the United States

17  Bankruptcy Court for the Eastern District of California on August

18  31, 2007 granting summary judgment in favor of Plaintiffs and

19  Appellees Barbara Stark, Elizabeth Stark, and Susan Tsapanos on

20  their nondischargeability claim.  The bankruptcy court ruled that

21  a default judgment entered by a California probate court on May

22  3, 2006 is a nondischargeable debt under 11 U.S.C. § 523(a)(4)

23  based on the doctrine of collateral estoppel.  In so ruling, the

24  court gave preclusive effect to the probate court's findings that

25  Defendant and Appellant Donald Bradford Stark had fraudulently

26  misappropriated trust funds while acting as Trustee of the

27  Richard E. Stark, Jr. Testamentary Trust (the "Stark Trust").

28       Appellant contends that the bankruptcy court erred in

1

applying collateral estoppel to the probate court's findings of fact and conclusions of law because the probate court judgment is void under California law.  Appellant argues the probate court judgment is void because the damages awarded by default judgment exceed the amount of damages originally pled in the probate petition in violation of California Code of Civil Procedure § 580.  He further argues the bankruptcy court improperly gave preclusive effect to the probate court's findings and conclusions without determining the validity of the probate court judgment.

Appellees respond that Appellant's arguments amount to an improper collateral attack and that this court lacks jurisdiction to review the validity of the probate court judgment under the *Rooker-Feldman* doctrine.  In the alternative, Appellees argue the probate court judgment is valid pursuant to the California Probate Code and California Code of Civil Procedure § 580 does not apply.  Appellees also contend that the bankruptcy court properly applied the doctrine of collateral estoppel to the probate court judgment.

## II.  ISSUES PRESENTED.

Did the bankruptcy court err in applying collateral estoppel to the probate court judgment and determining that the probate court's findings that Donald Stark committed breaches of trust and financial abuse as Trustee of the Stark Trust entitled Appellees to judgment as a matter of law on their nondischargeability claim brought under 11 U.S.C. § 523(a)(4)?

## III. BACKGROUND.

**2**

1       Appellant Donald Bradford Stark served as Trustee of the
2   Stark Trust from January 1984 to March 2006.   On January 27,
3   1996, Appellee Barbara Stark filed a petition to compel an
4   accounting, to remove the Appellant as Trustee, to surcharge the
5   Appellant, and for elder financial abuse.   (Doc. 8, Appellant's
6   Excerpts of the Record ("ER") at 10-17.)   The petition, which was
7   served on the Appellant, requested removal of the Appellant as
8   Trustee and various forms of financial relief.   The petition did
9   not state a specific amount for any of the damages requested.
10  The Appellant did not respond to the petition.

11      After a hearing where the Appellant did not appear, the
12  Tulare County Superior Court issued an order removing the
13  Appellant as Trustee, ordering him to either prepare and file an
14  account of his trust administration or appear and show cause why
15  he had not done so, and setting an evidentiary hearing for April
16  5, 2006 on Petitioner's request that Donald Stark "be surcharged
17  and for punitive and exemplary damages and costs of suit."   (ER
18  at 18-19.)   The order, which was served on the Appellant, did not
19  state a specific amount for any of the monetary damages which
20  would be at stake at the hearing.

21      The Appellant did not file an accounting nor did he appear
22  at the April 5 hearing.   On May 3, 2006, the Tulare County
23  Superior Court found by clear and convincing evidence that
24  Appellant had committed: 1) breaches of trust within the meaning
25  of Probate Code Section 16400, 2) financial abuse within the
26  meaning of Welfare & Institutions Code Section 15610.30, and 3)
27  was guilty of recklessness, oppression, fraud or malice in the
28  commission of the abuse within the meaning of Welfare &

Institutions Code Section 15657(a).  (ER at 32-37.)  The probate court entered judgment in favor of the Appellees and against the Appellant on May 3, 2006, awarding the Appellees: $1,516,000.00 to redress breaches of trust the court found to have occurred, $137,376.00 for lost income, and punitive damages of $412,128. (ER at 32-39.)

On October 28, 2006, six days short of the maximum of six months permitted by applicable state law for the filing of such a motion, the Appellant filed a motion for relief from the probate court judgment based on mistake, inadvertence or excusable neglect pursuant to California Code of Civil Procedure § 473. The Superior Court denied the Appellant's motion on the dual grounds that the motion was untimely because, although filed within six months, it was not filed within a reasonable time as required by applicable state law, and the Appellant had not shown mistake, inadvertence, surprise or excusable neglect.  (ER at 40-41.)  The Appellant filed an untimely appeal from the Probate Court order denying his motion for relief in the California Court of Appeal, Fifth Appellate District, which was dismissed on June 14, 2007 "as abandoned" after failure to respond to an order of the court.  (ER at 42.)

After Appellant filed a voluntary Chapter 11 petition in the bankruptcy court, Appellees filed a complaint in the Chapter 11 proceeding seeking a determination that the probate judgment was a nondischargeable debt under 11 U.S.C. § 523(a)(4).  Appellees then moved for summary judgment on the ground that the probate court's findings and conclusions determined that the Appellant had committed breaches of trust sufficient to meet the

4

requirements of § 523(a)(4) and to make the debt
nondischargeable.  Appellees argued the bankruptcy court was
bound by the probate court's factual determinations under the
doctrine of collateral estoppel.

Appellant opposed summary judgment on the grounds that the
probate court judgment was invalid.  He did not contest the
application of collateral estoppel or in any way challenge the
probate court findings.  He conceded the facts asserted in
support of the motion.  The bankruptcy court granted summary
judgment that the debt was nondischargeable after determining
that the probate court judgment was entitled to issue preclusive
effect and that the factual findings of the probate court met the
requirements of 11 U.S.C. § 523(a)(4).  (ER at 57-67.)

IV. **STANDARD OF REVIEW**.

The bankruptcy court's decision granting summary judgment
under Fed. R. Civ. P. 56, made applicable to the bankruptcy
proceedings by Bankruptcy Rule 7056, is reviewed de novo.  In
viewing the facts in the light most favorable to the nonmoving
party, the district court must determine whether there is a
genuine issue of material fact and whether the moving party is
entitled to judgment as a matter of law.  *In re R&T Roofing
Structures & Commercial Framing, Inc.*, 887 F.2d 981 (9th Cir.
1989); *In re Cal. Canners & Growers*, 62 B.R. 18 (Bankr. Fed. App.
1986).

5

V. **DISCUSSION**.

A.    The *Rooker-Feldman* Doctrine.

"The *Rooker-Feldman* doctrine is a well-established
jurisdictional rule prohibiting federal courts from exercising
appellate review over final state court judgments." *Reusser v.
Wachovia Bank, N.A.*, 525 F.3d 855, 858-59 (9th Cir. 2008) (citing
*Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007)).
Appellees argue that the *Rooker-Feldman* doctrine applies to bar
Appellant's contention that the probate court judgment is void
because this amounts to an improper collateral attack in a lower
federal court on the validity of a final state court judgment.
In *Rooker* and *Feldman*, the losing party in state court filed suit
in federal court after the state proceedings ended, complaining
of an injury caused by the state-court judgment and seeking
review and rejection of that judgment.  Plaintiffs in both cases
alleged federal-question jurisdiction and called upon the
district court to overturn an injurious state-court judgment.
The district courts in *Rooker* and *Feldman* were found to lack
subject-matter jurisdiction because 28 U.S.C. § 1257 vests
authority to review a state court's judgment solely in the U.S.
Supreme Court.  *See Verizon Md. Inc.*, 535 U.S. at 644 ("The
*Rooker-Feldman* doctrine merely recognizes that 28 U.S.C. § 1331
is a grant of original jurisdiction, and does not authorize
district courts to exercise appellate jurisdiction over
state-court judgments, which Congress has reserved to this Court,
see § 1257(a).").

In *Rooker*, the losing party in the state court case
requested that the federal district court declare the state court

6

judgment void.  The Supreme Court explained that if the state
court decision was wrong, "that did not make the judgment void,
but merely left it open to reversal or modification in an
appropriate and timely appellate proceeding."  *Id*. at 415.
Federal district courts, the *Rooker* Court recognized, lacked the
requisite appellate authority, for their jurisdiction was
"strictly original."  *Id*. at 416.  Among federal courts, the
*Rooker* Court clarified, Congress had empowered only the Supreme
Court to exercise appellate authority "to reverse or modify" a
state-court judgment.  *Id*.  A federal action that is a de facto
appeal from a state court judgment cannot be maintained.
*Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004)
(citing *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir.
2003)).  A federal action constitutes a de facto appeal where
"claims raised in the federal court action are 'inextricably
intertwined' with the state court's decision such that the
adjudication of the federal claims would undercut the state
ruling or require the district court to interpret the application
of state laws or procedural rules."  *Bianchi*, 334 F.3d at 898.

In *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544
U.S. 280 (2005), the Supreme Court clarified that the *Rooker-*
*Feldman* doctrine "is confined to cases of the kind from which the
doctrine acquired its name: cases brought by state-court losers
complaining of injuries caused by state-court judgments rendered
before the district court proceedings commenced and inviting
district court review and rejection of those judgments.
*Rooker-Feldman* does not otherwise override or supplant preclusion
doctrine or augment the circumscribed doctrines that allow

1  federal courts to stay or dismiss proceedings in deference to

2  state-court actions."

3       The *Rooker-Feldman* doctrine is specifically applicable to

4  the instant case.  Here the federal action was initiated by the

5  state court loser seeking to avoid responsibility for the state

6  court judgment.  The state court winners filed a complaint in the

7  bankruptcy court to have the debt of the state court judgment

8  declared nondischargeable.  Appellant, who lost in the probate

9  court, seeks to avoid nondischargeability by his defense in the

10 bankruptcy adversary proceeding that the state court judgment is

11 void.  The Ninth Circuit has recognized that "[t]he clearest case

12 for dismissal based on the *Rooker-Feldman* doctrine occurs when a

13 federal plaintiff asserts as a legal wrong an allegedly erroneous

14 decision by a state court, and seeks relief from a state court

15 judgment based on that decision."  *Henrichs*, 474 F.3d at 613.

16      The facts in *Reusser* are very close to this case.  There,

17 the appellant debtor was defaulted in Oregon state court and a

18 motion to set aside the state court default judgment for

19 insufficient notice of intent to seek default judgment and

20 failure of the creditor to tell the state court judge the debtors

21 contested the merits of a foreclosure was denied.  The *Reusser*

22 court further held that a jurisdictional challenge to the

23 bankruptcy court's foreclosure judgment failed because the

24 bankruptcy court had in rem jurisdiction based on the real

25 property before it and was binding on the case.  As a disguised

26 de facto attack on the state court's judgment and decision,

27 Appellant's jurisdictional claim under state law is barred.  The

28 bankruptcy court correctly applied the *Rooker-Feldman* doctrine in

**8**

1   declining to consider the validity of the state court judgment.

2

3   B.    Application of Collateral Estoppel.

4        The Supreme Court has held that "collateral estoppel
5   principles do specifically apply in bankruptcy discharge
6   exception proceedings pursuant to § 523(a)." *Grogan v. Garner*,
7   498 U.S. 279, 284 (1991). In addition, 28 U.S.C. § 1738 requires
8   federal courts, as a matter of full faith and credit, to apply
9   the pertinent state's collateral estoppel principles. *In re*
10  *Nourbakhsh*, 67 F.3d 798, 800 (9th Cir. 1995). Under California
11  law, collateral estoppel only applies if certain threshold
12  requirements are met:

13              First, the issue sought to be precluded from
                relitigation must be identical to that decided in a
14              former proceeding. Second, this issue must have been
                actually litigated in the former proceeding. Third, it
15              must have been necessarily decided in the former
                proceeding. Fourth, the decision in the former
16              proceeding must be final and on the merits. Finally,
                the party against whom preclusion is sought must be the
17              same as, or in privity with, the party to the former
                proceeding.

18

19  *In re Harmon*, 250 F.3d 1240, 1245 (9th Cir. 2001) (citation
20  omitted).

21       The fact that "judgment was secured by default does not
22  warrant the application of a special rule." *Williams v.*
23  *Williams*, 36 Cal.2d 289, 293 (1950). California law does,
24  however, place two limitations on this general principle. The
25  first is that collateral estoppel applies only if the defendant
26  "has been personally served with summons or has actual knowledge
27  of the existence of the litigation." *In re Harmon*, 250 F.3d at
28  1247 (quoting *Williams*, 223 P.2d at 254). Collateral estoppel,

                                  9

1 therefore, only applies to a default judgment to the extent that
2 the defendant had actual notice of the proceedings and a "full
3 and fair opportunity to litigate."  *Id*. at 1247 n. 6.

4       The second limitation, in the context of a default judgment,
5 is that a decision has a preclusive effect in later proceedings
6 "only where the record shows an express finding upon the
7 allegation" for which preclusion is sought.  *Williams*, 36 Cal.3d
8 at 254.  But "the express finding requirement can be waived if
9 the court in the prior proceeding necessarily decided the issue."
10 250 F.3d at 1248.  In such circumstances, an express finding is
11 not required because "if an issue was necessarily decided in a
12 prior proceeding, it was actually litigated."  *Id*.

13      Appellant does not argue that collateral estoppel principles
14 do not apply; in fact, he concedes that if the probate court
15 judgment is not void, the bankruptcy court was required to give
16 it issue preclusive effect.  The five requirements of California
17 collateral estoppel law must be analyzed.  The first issue is
18 whether the issues in the probate court proceeding and the
19 bankruptcy proceeding are identical.  If a state court "should
20 determine factual issues using standards identical to those in [§
21 523], then collateral estoppel…would bar relitigation of those
22 issues in the bankruptcy court."  *Brown v. Felsen*, 442 U.S. 127,
23 139 (1979).

24      There are two issues under § 523(a)(4): whether the debtor
25 incurred the debt by committing fraud or defalcation and whether
26 the fraud was in relation to the debtor's fiduciary
27 responsibilities.  *Bugna v. McArthur*, 33 F.3d 1054 (9th Cir.
28 1994).  The probate court found Appellant committed breaches of

trust within Probate Code section 16400 and financial abuse under
Welfare & Institutions Code Section 15610.30 while acting as
Trustee of the Stark Trust.  This meets the two requirements
under § 523(a)(4) that the debt arose out of the Trustee's breach
of fiduciary duty, actual and constructive fraud and that the
debts arose out of Apellant's fiduciary responsibility.  The
bankruptcy court correctly found these issues were identical.

Second, whether the judgment was actually litigated, the
probate court entered a default judgment after notice Appellant
failed to respond to the probate petition and failed to appear at
two hearings, including an evidentiary hearing.  Appellant was
admittedly served with the probate petition and the notices and
orders for each of the probate court hearings.  It is evident he
had notice of and opportunity to be heard because he filed, but
later abandoned, a state court appeal from the probate court
judgment.  Appellant failed to pursue the appeal he filed from
the probate court judgment in the California Court of Appeals for
the Fifth Appellate District, which the state appeals court found
was abandoned.  Appellant had more than sufficient notice and
numerous opportunities to be heard in the probate case.  He now
attempts to raise in federal court an argument about validity of
the judgment based on state substantive and procedural law an
argument which he had the opportunity to, should have raised, but
abandoned in state appellate court.

Third, the issue of Appellant's fraud as Trustee was
necessarily decided in the probate court judgment because his
defalcations arose from his role as a trustee over which the
probate court had subject matter jurisdiction.  The court issued

11

specific findings and conclusions after an evidentiary hearing that determined Appellant committed breaches of trust, financial abuse and "recklessness, oppression, fraud, or malice" under relevant state law.

Fourth, the decision in the probate court was final and on the merits.  The probate court entered judgment the same day it issued its findings and conclusions and Appellant abandoned his appeal of the judgment to the state appellate court.  The probate court judgment, though entered as a default judgment, was on the merits as outlined in *Williams* because the record shows express findings upon the allegation for which preclusion is sought. After expiration of time for appeal to the California Supreme Court and United States Supreme Court, the state probate court judgment became final.

Fifth, the parties in the probate proceeding - Donald Bradford Stark and Barbara Stark - are identical to those in the bankruptcy proceeding, where Barbara Stark and successor co-trustees Elizabeth Stark and Susan Tsapanos are plaintiffs and Donald Stark is the named defendant.

## VI.   CONCLUSION.

For all the foregoing reasons, the judgment of the bankruptcy court is AFFIRMED.

IT IS SO ORDERED.

Dated:    September 28, 2009        /s/ Oliver W. Wanger
                                   UNITED STATES DISTRICT JUDGE